UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CRESCENT CITY BAPTIST CHURCH, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER 05-2200** |
| **CHURCH MUTUAL INSURANCE CO.** | * | **SECTION "L"(3)** |

## ORDER

Pending before the Court are Church Mutual Insurance Co.'s ("CMIC") Motion for Reconsideration and Clarification of Order and Reasons Dated February 22, 2006 (Rec. Doc. 28) and Crescent City Baptist Church's ("CCBC") Motion for Reconsideration of Order and Reasons Dated February 22, 2006 (Rec. Doc. 31). For the following reasons, both motions are DENIED.

In its Order and Reasons dated February 22, 2006 ("Order"), the Court granted CCBC's motion for summary judgment and denied CMIC's motion for summary judgment finding that CMIC owed CCBC a duty to indemnify. The Court, however, also found that CMIC did not owe CCBC a duty to defend. Now, both parties have moved the Court to reconsider its Order. Specifically, CCBC contends that CMIC did have a duty to defend; whereas, CMIC argues that it did not have a duty to indemnify.

The facts of this case are detailed in the Court's Order. Therefore, rather than recount the factual background, the Court will proceed directly to the substance of these motions.

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for rehearing, such motions are treated as either a motion to alter or amend judgment under Rule

59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); Fed. R. Civ. P. 59(e), 60(b). If the motion is filed within ten days of the rendition of judgment, it shall be governed by Rule 59(e); if the motion is filed after ten days of the rendition of judgment, it shall be governed by Rule 60(b). *Lavespere*, 910 F.2d at 173. In the present case, the Court entered its ruling on February 22, 2006. CMIC's motion was filed on March 24, 2006, and CCBC's motion was filed on April 25, 2006. Accordingly, both motions were filed more than ten days after the Court's ruling and, as such, are subject to the standards of Rule 60(b).

Under Rule 60(b), a district court may reconsider an earlier order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief. Fed. R. Civ. Proc. 60(b).

In their motions, the parties do not assert any new arguments or bring forth any new evidence, but instead, assert that the Court erred in its Order and should correct such error by means of reconsideration. After reviewing its Order and analyzing the parties' arguments, the Court finds that it correctly resolved the parties' prior motions. Furthermore, the Court finds that neither party has set forth sufficient reasons under Rule 60(b) justifying a reconsideration.

Lastly, CMIC moves the Court for an order clarifying each parties' responsibility for

the arbitration. The Court did not address this issue in its Order and, as such, will not address it now.

Although CMIC phrases this issue as asking for clarification of its responsibility for the arbitration, CMIC is actually asking the Court to allocate responsibility for all the defense expenses. The Court specifically did not determine the extent of CMIC's responsibility for defense expenses in its Order. If the parties desire to have the Court determine which defense expenses CMIC is responsible for, then the parties should explicitly move for such.

New Orleans, Louisiana, this __20th__ day of __June__, 2006.

_____
UNITED STATES DISTRICT JUDGE