UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CRESCENT CITY BAPTIST CHURCH, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 05-2200 |
| CHURCH MUTUAL INSURANCE CO. | * | SECTION "L"(3) |

## ORDER & REASONS

Pending before the Court is the Defendant's Motion for Partial Summary Judgment (Rec. Doc. 51). For the following reasons, the Defendant's motion is GRANTED.

### I.  BACKGROUND

The facts of this case are detailed in the Court's Order and Reasons dated February 22, 2006. *See* Rec. Doc. 27. Therefore, rather than recount the entire factual background, the Court will proceed directly to the substance of this motion.

### II.  PRESENT MOTION

In their complaint, the Plaintiffs assert that Church Mutual Insurance Company ("CMIC") "arbitrarily and capriciously failed to provide them with protection, defense, and indemnity, thereby breaching its duty to defend under the [Church Mutual] policy and Louisiana law." The Plaintiffs seek damages pursuant to La. Rev. Stat. §§ 22:658 and 22:1220, alleging that the denial of coverage was arbitrary and capricious. Additionally, the Plaintiffs contend that CMIC also misrepresented the terms and conditions of the policy and, thus, is liable for damages pursuant to La. Rev. Stat. § 22:1220.

In its present motion for summary judgment, CMIC argues that it did not act in bad faith and, as such, moves that the Court grant summary judgment in its favor. First, CMIC argues that

it was justified in denying coverage based upon the wording of the policy and the face of the *Muller II* petition.  Second, CMIC contends that it did not misrepresent the terms of the policy.

### III.    LAW AND ANALYSIS

Summary judgment is only granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56.  When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

####    A.    Arbitrary and Capricious Nature of CMIC's Actions

Under Louisiana Law, an insurer "owes to his insured a duty of good faith and fair dealing.  The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured."  La. Rev. Stat. Ann. § 22:1220(A).  Failure to make payments in a timely manner to an insured when such failure is arbitrary, capricious, or without probable cause is a breach of this duty and subjects the insurer to statutory penalties.  *Id*. §§ 22:658(B), 22:1220(B)(6).

An insurer's actions are "arbitrary and capricious" when its willful refusal of a claim is not based on a good faith defense, is unreasonable, or without probable cause.  *Calogero v. Safeway Ins. Co.,* 99-1625, p. 5 (La. 1/19/00); 753 So. 2d 170, 173 (citing *La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1253 (La. 1993) and *Darby v.*

*Safeco Ins. Co.,* 545 So. 2d 1022, 1029 (La. 1989)).  "Whether or not an insurer's failure or refusal to pay is arbitrary, capricious or without probable cause within the meaning of the statute is a question of fact to be determined in light of the facts and circumstances of a particular case." *Smith v. State Farm Fire & Cas. Ins. Co.*, 695 F.2d 202, 205 (5th Cir. 1983).

Where the insurer has legitimate doubts about the coverage owed to the insured, the insurer may litigate the questionable claim without being subjected to damages and penalties. *Calogero*, 753 So. 2d at 173 (citing *Darby*, 545 So. 2d at 1029).  Both statutes at issue in this case are penal in nature and, as such, must be strictly construed and cannot be invoked when the insurer has a reasonable basis for denying coverage.  *See Hanover Corp. of Am. v. State Farm Mut. Auto. Ins. Co.*, 67 F.3d 70, 73 (5th Cir. 1995).  "Therefore, the threshold issue is whether the insurer acted reasonably in failing to timely pay the claim once the insurer had adequate knowledge of the loss."  *Id*.

In reviewing the facts of this case, the Court finds that CMIC's actions were not arbitrary, capricious, or without probable cause.  On April 5, 2004, the Plaintiffs provided oral notice of the demand letter to CMIC.  The following day, the Plaintiffs provided CMIC with written notice of the demand letter.  On May 7, 2004, the Plaintiffs forwarded a copy of the *Muller II* petition to CMIC and asserted in writing that the policy provided coverage for the claims set forth in the *Muller II* petition.

In the present case, CMIC examined the *Muller II* petition and the insurance policy itself before determining that the Plaintiffs' claim was not covered by the policy.  Pursuant to the policy, "Directors, Officers & Trustees liability coverage does not apply to injury that arises out of a 'wrongful act' which occurs before the retroactive date [February 1, 2004.]"  Upon reviewing the *Muller II* petition and the allegations of wrongful acts contained therein, CMIC

concluded that the injuries asserted in the petition "arose out of" events that had occurred before the retroactive date and, as such, denied coverage.

According to the Plaintiffs, CMIC failed to adequately investigate the Plaintiffs' claim before denying coverage and therefore acted in an arbitrary and capricious manner. The Court disagrees. The Plaintiffs' argument focuses on the nature and extent of CMIC's investigation. This argument is problematic because there was no need for CMIC to conduct an exhaustive investigation. All the facts that CMIC needed for its decision were contained on the face of the *Muller II* petition. CMIC's denial of coverage was based on an erroneous contractual interpretation, not an inadequate examination of the facts. In the present case, there was a reasonable disagreement as to the coverage owed. A more detailed investigation into the facts would not have resolved this dispute. Therefore, CMIC did not act in arbitrarily, capriciously, or without probable cause when it denied coverage.[1]

---

[1] In its opposition to CMIC's motion for summary judgment, the Plaintiffs argue that there is a discovery motion relating to CMIC's claims file currently pending. The Plaintiffs assert that a favorable resolution on this motion may possibly reveal facts indicating CMIC's inadequate investigation and, thus, the Court should delay ruling on the present motion. On July 7, 2006, however, the Magistrate Judge ordered that the documents at issue were subject to the attorney-client privilege, the work product privilege, or both. *See* Rec. Doc. 63. Accordingly, the Plaintiffs' argument is now moot.

In addition, the Plaintiffs contend that CMIC's failure to alert either the Court or themselves to *Church Mutual Insurance Co. v. The Executive Bd. of the Missouri Baptist Convention*, No. 03-4224, 2005 WL 1532948 (W.D. Mo. June 24, 2005) constituted an act of bad faith. The Court disagrees. There is no support for the position that an insurer acts in bad faith if it does not inform an insured of an unreported decision from a different jurisdiction that was decided well after the insurer denied the insured's claim. Not only is such a position unsupported by precedent, the Court finds that such a duty would be unwise.

Lastly, throughout their briefs, the Plaintiffs frequently make reference to an insurer's duty to defend. In its Order and Reasons dated February 22, 2006, the Court found that CMIC did not have a duty to defend the Plaintiffs. *See* Rec. Doc. 27. Therefore, any attempt to seek punitive damages based on CMIC's duty to defend is also misplaced.

### B. Misrepresentation of the Policy

The Plaintiffs also argue that CMIC misrepresented the terms and conditions of its policy. La. Rev. Stat. § 22:1220 dictates that the misrepresentation of pertinent facts or insurance policy provisions relating to any coverage at issue constitutes a breach of the insurers duty of good faith and fair dealing. La. Rev. Stat. Ann. § 22:1220(B)(1). After being informed that its claim was not covered under its insurance policy, Crescent City Baptist Church ("CCBC") sent a letter to CMIC. In this letter, CCBC explained its position that some of the wrongful acts alleged in the *Muller II* complaint were ongoing and should be covered by the policy. CMIC responded with a letter stating that, "[s]ince all of the alleged 'wrongful acts' giving rise to these claims occurred prior to the policy's retroactive date, there is no coverage for the allegations in the Lawsuit." The Plaintiffs assert that this was a misrepresentation of the terms and conditions of the policy because CCBC had explained the errors in CMIC's reading of the policy. The Court disagrees.

Under Louisiana law, an insurer's citation to a provision of an insurance policy that is "not hidden, inconspicuous or cloaked in legal-ease" and recitation of its interpretation thereof does not constitute a misrepresentation under section 22:1220. *See Calogero*, 753 So. 2d at 175. In the present case, CMIC sent a letter to the Plaintiffs on May 17, 2004 quoting those provisions of the policy that it thought were relevant to the Plaintiffs' claim. In this letter, CMIC never misquoted the terms of the policy nor were the quoted terms hidden, inconspicuous, or cloaked in legal-ease. After quoting the provisions, it stated that "there are no other provisions of the policy which provide coverage for the claims asserted." This was CMIC's interpretation of the policy, and it does not amount to a misrepresentation under section 22:1220(B). Nowhere in the communications between the parties did CMIC ever misrepresent the policy. Instead, it simply

provided its interpretation, which is not precluded by § 22:1220(B).

**IV.     CONCLUSION**

For the foregoing reasons, CMIC's motion for partial summary judgment is GRANTED.

New Orleans, Louisiana, this  12th  day of   September  , 2006.

_____
UNITED STATES DISTRICT JUDGE